IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CALVETTE MIXON, on her own behalf, and as next friend for ROBERT MIXON, a minor child, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. |
| PRINCIPAL ANDREW S. MANNO, individually and in his official capacity, Chicago Board of Education Employees: MIKE SHIELDS, STEVE GLOMBICKI, RICK MILLS, REBECCA GORDON, ROBERT RUNCIE AND EUGENE CRAWFORD each individually and in their official capacities, COMMANDER C. J. KUPCZEYK, individually and in his official capacity, CHICAGO BOARD OF EDUCATION and CITY OF CHICAGO, | ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**COMPLAINT**

NOW COMES Plaintiffs Calvette Mixon, on her own behalf, and as next friend for Robert Mixon, a minor child, by their attorney, Sean Mulroney, and complaining of Defendants, Principal Andrew S. Manno, Mike Shields, Steve Glombicki, Rick Mills, Rebecca Gordon, Robert Runcie and Eugene Crawford, Chicago Board of Education, and Commander C. J. Kupczeyk of the Chicago Police Department, each individually and in their official capacities, and City of Chicago, states as follows:

**INTRODUCTION**

1. Plaintiff Robert Mixon was a student at Hubbard High School in Chicago, Illinois on January 26, 2010 when he was shot on school grounds by a Hispanic shooter accompanied by another Hispanic student of Hubbard High School. Prior to the shooting of January 26, 2010, Plaintiff Calvette Mixon repeatedly told Defendant Principal Manno, Chicago Board of Education employees Mike Shields, Steve Glombicki, Rick Mills, Rebecca Gordon, Robert Runcie and Eugene Crawford and Commander C. J. Kupczeyk of the Chicago Police Department that racial tensions at Hubbard High School were dangerously elevated and that her son was at risk of extreme bodily harm. None of the defendants took any action.

2. Plaintiffs seek damages for the physical harm and emotional trauma wrought by this negligent failure to take necessary precautions. Specifically Defendants Andrew Manno, Mike Shields, Steve Glombicki,

Rick Mills, Rebecca Gordon, Robert Runcie, Eugene Crawford and C.J. Kupczeyk, had knowledge of the potential for racial violence at Hubbard High School, yet not only failed to address the situation, but actively endeavored to conceal or minimize this potential for violence.

## JURISDICTION AND VENUE

3. This is an action for declaratory and injunctive relief and damages against the defendants to redress the deprivation for the Plaintiffs' civil rights under 42 U.S.C. § 1981, 42 U.S.C. § 1983 and for pendent state relief.

4. This Court has jurisdiction of the action pursuant to 25 U.S.C. §§ 1331 and 1343(H). Venue is proper under 28 U.S.C. § 1391 (b). On information and belief, all or most of the parties reside in this jurisdictional district and the events giving rise to the claims asserted herein all occurred with this district.

## PARTIES

5. Defendant Andrew Manno was at all times relevant the principal of Hubbard High School in Chicago, Illinois.

6. Defendant Mike Shields was at all times relevant an employee of the Chicago Board of Education.

7. Defendant Steve Glombicki was at all times relevant an employee of the Chicago Board of Education.

8. Defendant Rick Mills was at all times relevant an employee of the Chicago Board of Education.

9. Defendant Rebecca Gordon was at all times relevant an employee of the Chicago Board of Education.

10. Defendant Robert Runcie was at all times relevant an employee of the Chicago Board of Education.

11. Defendant Eugene Crawford was at all times relevant an employee of the Chicago Board of Education.

12. Defendant Commander C. J. Kupczeyk was at all times relevant a Chicago Police Commander assigned to the 8th District Area of the Chicago Police Department.

13. All of the Defendants, with the exception of the Chicago Board of Education and the City of Chicago, are sued in their individual and official capacities, and all acted under color of law and in the scope of their employment.

**FACTUAL BACKGROUND**

14. Hubbard High School has a predominantly Hispanic student body.

15. The Hubbard High School varsity football team, for which Robert Mixon played, is predominantly Black.

16. On or about the beginning of the 2010 school year, Calvette Mixon and the families of the varsity football team members met with Defendant Manno, various teachers and the coaching staff to discuss the need for increased supervision and security for the Black football players. No additional security measures were taken.

17. On or about the weekend of January 15, 2010, there was an altercation in the neighborhood near Hubbard High School between unknown Hispanics and Blacks. As a result of this altercation, there was an increase in known gang member presence on and around Hubbard High School grounds and an extreme increase in tensions between Hispanics and Blacks at the school.

18. On or about the weekend of January 15, 2010, this increase in racial tension resulted in Black football players being chased after practice by Hispanics with baseball bats as well as the flashing of gang signs in the cafeteria of Hubbard High School.

19. On or about January 19, 2010, Calvette Mixon met with Defendant Principal Manno to discuss her concern for the safety of her son Robert Mixon.

20. During the week of January 18, 2010, Calvette Mixon spoke with Defendant Principal Manno more than four times. She was told by Defendant Principal Manno to have Robert Mixon "ignore those kids." Calvette Mixon asked defendant Principal Manno to contact the Chicago Board of Education and was told "I got it under control."

21. On or about January 15, 2010, Calvette Mixon contacted Mike Shields at the Chicago Board of Education regarding her concern for her son's safety. She was told that he would call her back. He did not.

22. On or about January 18, 2010, Calvette Mixon contacted Steve Glombicki at the Chicago Board of Education regarding her concern for her son's safety . She was told that someone would contact her. No one did.

23. On or about January 19, 2010, Calvette Mixon contacted Rebecca Gordon at the Chicago Board of Education regarding her concern for her son's safety . She was told that the situation should be taken care of and that someone would call her back. No one did.

24. On or about January 20, 2010, Calvette Mixon contacted Rick Mills at the Chicago Board of Education regarding her concern for her son's safety. She was told that he would call her back. He did not.

25. On or about January 21, 2010, Calvette Mixon contacted Robert Runcie at the Chicago Board of Education regarding her concern for her son's safety. She was told that he was going to lunch and that he would call her back. He did not.

26. On or about January 22, 2010, Calvette Mixon contacted Eugene Crawford at the Chicago Board of Education regarding her concern for her son's safety. She was told that he had her information and that he would call her back. He did not.

27. On or about January 25, 2010, Calvette Mixon contacted Commander C.J. Kupczeyk at the 8th District, Area I, Chicago Police Department. She was told that he was aware of the situation and that the people involved in the escalating tensions had been "taken care of.".

28. On January 25, 2010, Robert Mixon and several other Black members of the football team were summoned to Defendant Principal Manno's office where they were told to ignore the Hispanic students (including the student involved in the shooting) that were flashing gang signs on school grounds and that "the other kids will be taken care of."

29. On January 26, 2010, after football practice, Robert was walking to the school bus with several other football players when he realized that he had forgotten his backpack. As he was running back to school, he noticed two Hispanic young men (one of whom he recognized as a student at Hubbard High School) throwing up gang signs. One of them shouted, "Shoot him," and the other did shoot him in the back in the parking lot of Hubbard High School.

## PLAINTIFFS' DAMAGES

30. Plaintiff Robert Mixon has been traumatized and permanently affected by being shot on school grounds. Robert Mixon also has suffered and will continue to suffer physical pain and complications from the bullet wound. Robert Mixon has incurred and will continue to incur medical expenses and loss of a normal life.

31. Plaintiff Calvette Mixon has been deeply injured as well. She now has to live with the knowledge that she was aware of the potential danger to her youngest son and in spite of her best effort to protect him was

unable to prevent him from being shot. She must also live with the knowledge that Robert Mixon may never be able to lead a completely normal life and enjoy activities and passions such as varsity football.

## COUNT 1

### 43 U.S.C. § 1983: Equal Protection

32. Plaintiffs reallege and incorporate each of the paragraphs of this Complaint as if restated herein.

33. As described above, all of the Defendants, while acting individually and or jointly, as wells as under color of law and within the scope of their employment, denied Robert Mixon equal protection of the law in violation of his constitutional rights.

34. Specifically, the Defendants, all in positions of authority, with knowledge of the elevated racial tensions between Hispanics and Blacks on and around Hubbard High School failed to take any action or precaution to eliminate or abate the potential for harm to the students.

35. As a result of this violation, the Plaintiff Robert Mixon suffered injuries including, but not limited to, pain, disability and physical and emotional distress as more fully described above.

36. As a result of this violation, Plaintiff Calvette Mixon suffered injuries including, but not limited to, emotional distress as more fully described above.

WHEREFORE, the Plaintiffs, Calvette Mixon and Robert Mixon, pray this Honorable Court:

    a. Enter a judgment in the Plaintiffs' favor and against the Defendants for their violation of 42 U.S.C. § 1983;

    b. Award the Plaintiffs actual damages suffered, including lost wages and damages;

    c. Award the Plaintiff compensatory damages under 42 U.S.C. § 1983 for injuries they have suffered;

    d. Award the Plaintiffs prejudgment interest on their damages award;

    e. Enjoin the Defendants, their officers, agents, employees and anyone acting in concert therewith from discriminating, harassing and or retaliating against the Plaintiffs;

    f. Award the Plaintiffs their reasonable costs and attorney's fees;

    g. Grant the Plaintiffs such further relief as this Court deems just and equitable.

## COUNT II

### 42 U.S.C. § 1981 Racial Discrimination

37. Plaintiffs reallege and incorporate each of the paragraphs of this Complaint as if restated herein.

38. Robert Mixon belongs to a protected group - African American.

39. As described more fully above, Robert Mixon was subjected to racial discrimination by the Defendants.

40. Specifically, the Defendants, all in positions of authority, with knowledge of the elevated racial tensions between Hispanics and Blacks on and around Hubbard High School allowed those racial tensions to manifest themselves in the racially motivated shooting of Robert Mixon.

41. Robert Mixon was subjected to racial discrimination by the Defendants.

42. This discrimination manifested itself in the Defendants' refusal to take any precautions to protect the safety of the Black minority of the student body from harassment, abuse and violence from the rest of the student body.

WHEREFORE, the Plaintiffs, Calvette Mixon and Robert Mixon, pray this Honorable Court:

a. Enter a judgment in the Plaintiffs' favor and against the Defendants for their violation of 42 U.S.C. § 1981;

b. Award the Plaintiffs actual damages suffered, including lost wages and damages;

c. Award the Plaintiff compensatory damages under 42 U.S.C. § 1981 for injuries they have suffered;

d. Award the Plaintiffs prejudgment interest on their damages award;

e. Enjoin the Defendants, their officers, agents, employees and anyone acting in concert therewith from discriminating, harassing and or retaliating against the Plaintiffs;

f. Award the Plaintiffs their reasonable costs and attorney's fees;

g. Grant the Plaintiffs such further relief as this Court deems just and equitable.

## COUNT III

### Illinois Civil Rights Act 740 ILCS § 23

43. Plaintiffs reallege and incorporate each of the paragraphs of this Complaint as if restated herein.

44. The misconduct described above is a violation of Calvette Mixon and Robert Mixon's rights as secured by the Illinois Constitution.

45. Specifically by racially discriminating against Robert Mixon, all Defendants violated Robert Mixon's right to equal protection of laws. Furthermore, the Defendant violated Robert Mixon's right to be safe and secure and free from racial threats and violence while attending public school.

46. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to Plaintiffs' constitutional rights.

47. The misconduct described in this Count was undertaken with malice, willfulness and reckless indifference to the rights of others.

48. As a result of this discrimination, Plaintiffs sustained injuries including, but not limited to, physical, emotional and bodily harm.

WHEREFORE, the Plaintiffs, Calvette Mixon and Robert Mixon, pray this Honorable Court:

 a. Enter a judgment in the Plaintiffs' favor and against the Defendants for their violation of 740 ILCS § 23;

 b. Award the Plaintiffs actual damages suffered, including lost wages and damages;

 c. Award the Plaintiff compensatory damages under 740 ILCS § 23 for injuries they have suffered;

 d. Award the Plaintiffs prejudgment interest on their damages award;

 e. Enjoin the Defendants, their officers, agents, employees and anyone acting in concert therewith from discriminating, harassing and or retaliating against the Plaintiffs;

 f. Award the Plaintiffs their reasonable costs and attorney's fees;

 g. Grant the Plaintiffs such further relief as this Court deems just and equitable.

## COUNT IV

### State Law Claim: Negligent Supervision

49. Plaintiffs reallege and incorporate each of the paragraphs of this Complaint as if restated herein.

50. At all relevant times, Defendants knew or should have known that the increase in racial tension and specifically including the one student identified by Robert Mixon was creating physical danger for Robert Mixon and other students.

51. Notwithstanding the knowledge referenced in the preceding paragraph, Defendants and other school officials refused to take any steps to prevent the potential for violence against the students of Hubbard High School and Robert Mixon to occur.

52. As a direct and proximate result of Defendants' refusal to take any precautions to avoid violence against students of Hubbard High School, Plaintiff Robert Mixon was damaged in that he suffered physical harm, emotional distress, loss of normal life and past and future pain and medical costs.

53. As a direct and proximate result of Defendants' refusal to take any precautions to avoid violence against students of Hubbard High School, Plaintiff Calvette Mixon was damaged in that he suffered physical harm, emotional distress, loss of normal life and past and future pain and medical costs.

54. At all relevant times, Defendants had a duty to properly supervise employees, students and security in such a way as to guarantee the personal safety of Hubbard High School students, including Robert Mixon.

55. Defendants breached the duty referenced in the preceding paragraph in that they did not use reasonable care and caution in the supervision and security of the students at Hubbard High School.

WHEREFORE, the Plaintiffs, Calvette Mixon and Robert Mixon, pray this Honorable Court:

   a. Enter a judgment in the Plaintiffs' favor and against the Defendants for their negligence;
   b. Award the Plaintiffs actual damages suffered, including lost wages and damages;
   c. Award the Plaintiff compensatory damages for injuries they have suffered;
   d. Award the Plaintiffs prejudgment interest on their damages award;
   e. Enjoin the Defendants, their officers, agents, employees and anyone acting in concert therewith from discriminating, harassing and or retaliating against the Plaintiffs;
   f. Award the Plaintiffs their reasonable costs and attorney's fees;
   g. Grant the Plaintiffs such further relief as this Court deems just and equitable.

## COUNT V

### State Law Claim: Negligence

56. Plaintiffs reallege and incorporate each of the paragraphs of this Complaint as if restated herein.

57. As described more fully in the preceding paragraphs, Defendants were negligent in the following manner:

   a) failed to take reasonable precaution to insure the safety of the students.
   b) failed to increase security at Hubbard High School.
   c) failed to report the increase in violent racially motivated behavior to Chicago Police Department.

58. As a direct and proximate result of Defendants' refusal to take any precautions to avoid violence against students of Hubbard High School, Plaintiff Robert Mixon was damaged in that he suffered physical harm, emotional distress, loss of normal life and past and future pain and medical costs.

59. As a direct and proximate result of Defendants' refusal to take any precautions to avoid violence against students of Hubbard High School, Plaintiff Calvette Mixon was damaged in that he suffered physical harm, emotional distress, loss of normal life and past and future pain and medical costs.

WHEREFORE, the Plaintiffs, Calvette Mixon and Robert Mixon, pray this Honorable Court:

    a. Enter a judgment in the Plaintiffs' favor and against the Defendants for their negligence;

    b. Award the Plaintiffs actual damages suffered, including lost wages and damages;

    c. Award the Plaintiff compensatory damages for injuries they have suffered;

    d. Award the Plaintiffs prejudgment interest on their damages award;

    e. Enjoin the Defendants, their officers, agents, employees and anyone acting in concert therewith from discriminating, harassing and or retaliating against the Plaintiffs;

    f. Award the Plaintiffs their reasonable costs and attorney's fees;

    g. Grant the Plaintiffs such further relief as this Court deems just and equitable.

## COUNT VI

### State Law Claim: Willful and Wanton Misconduct

60. Plaintiffs reallege and incorporate each of the paragraphs of this Complaint as if restated herein.

61. As described in the preceding paragraphs, Defendant with knowledge and conscious indifference to the increase in racial violence and racial tension at and around Hubbard High School and knowledge and conscious indifference that this violence and tension would naturally and probably end in injuries to students, willfully and wantonly and with reckless disregard for the safety of the students, ignored the information provided regarding the violence and tension leading to the shooting of Robert Mixon.

62. As a direct result of the stated willful and wanton misconduct of the defendants, Robert Mixon was shot on school grounds by a student previously identified as an instigator and who had previously threatened Robert Mixon and other Black students.

63. As a direct and proximate result of Defendants' refusal to take any precautions to avoid violence against students of Hubbard High School, Plaintiff Robert Mixon was damaged in that he suffered physical harm, emotional distress, loss of normal life and past and future pain and medical costs.

64. As a direct and proximate result of Defendants' refusal to take any precautions to avoid violence against students of Hubbard High School, Plaintiff Calvette Mixon was damaged in that he suffered physical harm, emotional distress, loss of normal life and past and future pain and medical costs.

WHEREFORE, the Plaintiffs, Calvette Mixon and Robert Mixon, pray this Honorable Court:

a. Enter a judgment in the Plaintiffs' favor and against the Defendants for their willful and wonton misconduct;

b. Award the Plaintiffs actual damages suffered, including lost wages and damages;

c. Award the Plaintiff compensatory damages under 42 U.S.C. § 1983 for injuries they have suffered;

d. Award the Plaintiffs prejudgment interest on their damages award;

e. Enjoin the Defendants, their officers, agents, employees and anyone acting in concert therewith from discriminating, harassing and or retaliating against the Plaintiffs;

f. Award the Plaintiffs their reasonable costs and attorney's fees;

g. Grant the Plaintiffs such further relief as this Court deems just and equitable.

## JURY DEMAND

Plaintiffs hereby demand a trial by just pursuant to the Federal Rule of Civil Procedure 38(b) on all issues triable.

Respectfully submitted,

/s/_____
   Sean Mulroney
   Attorney for Plaintiffs

Attorney No. 6196973
Sean Mulroney
661 W. Lake, Suite 2 South
Chicago, IL 60661
(312) 756-0011