IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROBERT MIXON, CALVETTE MIXON, <br><br> Plaintiffs, <br><br> v. <br><br> ANDREW S MANNO, MIKE SHIELDS, STEVE GLOMBICKI, RICK MILLS, REBECCA GORDON, ROBERT RUNCIE, EUGENE CRAWFORD, all individually and in their official capacities, C.J. KUPCZEYK, CHICAGO BOARD OF EDUCATION, <br><br> Defendants. | Case No. 12 CV 0562 <br><br> Judge John Z. Lee |

## MEMORANDUM OPINION AND ORDER

Plaintiffs Robert Mixon, a student at Hubbard High School ("Hubbard"), and Calvette Mixon, his mother, have sued Hubbard's principal, Andrew Manno, the Chicago Board of Education ("CBE"), CBE employees Mike Shields, Steve Glombicki, Rick Mills, Rebecca Gordon, Robert Runcie, and Eugene Crawford, and Chicago Police Commander C.J. Kupczeyk (collectively "Defendants"). Plaintiffs allege that Defendants violated Plaintiffs' constitutional rights to equal protection under 42 U.S.C. § 1983 and right to be free from racial discrimination under 42 U.S.C. § 1981 by failing to protect Robert Mixon, a Black student, from being shot (not fatally) on school grounds by a Hispanic shooter accompanied by a Hispanic student when Defendants knew that racial tensions at Hubbard were dangerously high.[1] Defendant Eugene Crawford, who at the time was a Management Support Director for the Chicago Public Schools,

---

[1] Plaintiffs voluntarily dismissed their common law claims of negligent supervision, negligence, and willful and wanton misconduct, and their claims brought under the Illinois Civil Rights Act, 740 Ill. Comp. Stat. § 23 *et seq.* See Dkt. 57.

1

moves to dismiss Plaintiffs' claims pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, Crawford's motion is granted in part and denied in part. Crawford's motion to dismiss Plaintiffs' § 1983 claims against him in his individual capacity is denied. Plaintiffs' § 1981 claims against Crawford are dismissed without prejudice. Plaintiffs' § 1983 claims against Crawford in his official capacity are dismissed with prejudice.

**Background**

The following facts are taken from Plaintiffs' Complaint and are accepted as true for purposes of resolving this Motion to Dismiss. *See Reger Dev., LLC v. Nat'l City Bank*, 592 F.3d 759, 763 (7th Cir. 2010).

In 2010, Plaintiff Robert Mixon was a member of the varsity football team at Hubbard. (Compl. ¶¶ 14-15.) Hubbard has a predominantly Hispanic student body, but the varsity football team is predominantly Black. (*Id.*) At the beginning of the school year, Plaintiff Calvette Mixon and the families of the varsity football team members met with Hubbard's principal, Defendant Manno, along with the coaching staff and various teachers to discuss racial tension at Hubbard and the need for increased supervision and security for Black football players. (*Id.* ¶ 16.) No additional security measures were taken. (*Id.*)

Around January 15, 2010, there was an altercation in the neighborhood near Hubbard between Hispanic and Black individuals. (*Id.* ¶ 17.) As a result, there was an increase in gang member presence around Hubbard and an increase in tension between Hispanic and Black students at Hubbard. (*Id.*)

On January 22, 2010, after contacting other Defendants to express concern about her son's safety, Calvette Mixon contacted Defendant Crawford, the Management Support Director

for CPS for the area. (*Id.* ¶¶ 19-26.) She was told that Crawford had her information and that he would call her back. (*Id.* ¶ 26.) He did not call her back. (*Id.*)

On January 26, 2010, after football practice, Robert Mixon was walking to the school bus with several other football players when he realized he had forgotten his backpack. (*Id.* ¶ 29.) As he was running back to school, he saw two Hispanic students, one of whom he recognized as a Hubbard student, flashing gang signs. (*Id.*) One of them shouted "shoot him," and the other shot Mixon in the back in the parking lot at Hubbard. (*Id.*)

On January 25, 2012, Robert and Calvette Mixon filed a complaint alleging Defendants failed to protect Robert at Hubbard. Defendant Crawford now moves to dismiss Plaintiffs' claims pursuant to Rule 12(b)(6).

## Discussion

A motion under Rule 12(b)(6) challenges the sufficiency of the complaint. *Christensen v. Cnty. of Boone*, 483 F.3d 454, 457 (7th Cir. 2007). Under the federal notice pleading standards, "a plaintiff's complaint need only provide a short and plain statement of the claim showing that the pleader is entitled to relief, sufficient to provide the defendant with fair notice of the claim and its basis." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008) (internal quotations omitted); *see also* Fed. R. Civ. P. 8(a). When considering a motion to dismiss under Rule 12(b)(6), the Court must "accept[] as true all well-pleaded facts alleged, and draw[] all possible inferences in [the plaintiff's] favor." *Id.*

However, a complaint must also allege "enough facts to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). For a claim to have facial plausibility, a plaintiff must

plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

## I. Individual Capacity Claims Under § 1983

Defendant Crawford argues that Plaintiffs have failed to plead that Defendant Crawford had personal knowledge of or involvement in any risk of harm to Robert Mixon. (Def. Crawford. Mot. Dismiss 3.) "Individual liability under 42 U.S.C. § 1983 can only be based on a finding that the defendant caused the deprivation at issue." *Kelly v. Mun. Cts. of Marion Cnty.*, 97 F.3d 902, 909 (7th Cir. 1996). Accordingly, "§ 1983 lawsuits against individuals require personal involvement in the alleged constitutional deprivation to support a viable claim." *Palmer v. Marion Cnty.*, 327 F.3d 588, 594 (7th Cir. 2003) (citations omitted); *see Minix v. Canarecci*, 597 F.3d 824, 833-34 (7th Cir. 2010). "Although direct participation is not necessary, there must be at least a showing that [the defendant] acquiesced in some demonstrable way in the alleged constitutional violation." *Palmer*, 327 F.3d at 594 (citations omitted). To prevail on their claims, Plaintiffs must establish that Crawford actually knew that there was a substantial risk of serious harm to Plaintiff Robert Mixon and that Crawford did nothing. *See Palmer*, 327 F.3d 588; *see also Farmer v. Brennan*, 511 U.S. 825, 837 (1970) ("the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference"); *Lewis v. Richards*, 107 F.3d 549, 553 (7th Cir. 1997) ("the official must actually know and disregard the risk to incur culpability").

Here, Plaintiffs allege that on January 22, 2010, Calvette Mixon contacted Crawford regarding her son's safety. (*Id.* ¶ 26.) Plaintiffs further allege that Calvette Mixon was told that Crawford had her information and that he would call her back, but he never did. (*Id.* ¶ 26.) Thus, Plaintiffs allege that Crawford had personal knowledge that Robert Mixon was in danger

4

of serious harm at Hubbard and that Crawford did nothing about it. Such allegations are sufficient to survive Crawford's motion to dismiss.

## II. Official Capacity Claims Under § 1983

Defendants argue that Plaintiffs' claims against Defendant Crawford in his official capacity are redundant because the Board of Education is also named as a defendant. (Def.'s Reply 7.) "Actions under § 1983 against individual defendants in their official capacities are treated as suits brought against the government entity itself." *Walker v. Sheahan*, 526 F.3d 973, 977 (7th Cir. 2008) (citing *Hafer v. Melo*, 502 U.S. 21, 25 (1991)).

Here, Plaintiffs have sued both Defendant Crawford in his official capacity as an employee of the Chicago Board of Education and the Chicago Board of Education itself. (Compl. ¶¶ 11, 13.) Because Plaintiffs have sued the Chicago Board of Education, their claims against Defendant Crawford in his official capacity are dismissed as redundant. *See, e.g.*, *O'Leary v. Will Cnty. Sheriff's Office*, No. 12 C 5555, 2013 WL 158056, at *8 (N.D. Ill. Jan. 15, 2013) (dismissing claims against a sheriff in his official capacity as duplicative because the sheriff's office was already a defendant); *Day v. River Forest Sch. Dist.*, No 10 C 4426, 2011 WL 1004611, at *3 (N.D. Ill. Mar. 17, 2011) ("However, in the interests of efficiency, the court notes that the § 1983 official capacity claims against the individuals are duplicative of the § 1983 claim against the school district itself and, therefore, are subject to dismissal with prejudice."); *Florek v. Vill. of Mundelein*, No. 05 C 6402, 2010 WL 133526, at *4 (N.D. Ill. Mar. 31, 2010) (dismissing claims against police chief in his official capacity because they were redundant of plaintiff's claims against the municipality).

### III. Section 1981 Claims

Finally, Defendants argue that Plaintiffs have failed to state a claim under § 1981 because Plaintiffs have failed to allege Crawford's personal involvement in an intentional act to discriminate on the basis of race or any action that violated § 1981. (Def.'s Reply 6.) Section 1981 provides that "[a]ll persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, as is enjoyed by white citizens" and defines making and enforcing contracts as "the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." 42 U.S.C. § 1981. "Any claim brought under § 1981, therefore, must initially identify an impaired "contractual relationship," § 1981(b), under which the plaintiff has rights." *Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470, 476 (2006); *see Morris*, 89 F.3d at 413; *Gonzalez v. Ingersoll Milling Mach. Co.*, 133 F.3d 1025, 1034 (7th Cir. 1998); A.H. Employee Co., Ltd. v. Fifth Third Bank, No. 11 C 4586, 2012 WL 686704, at *5 (Mar. 1, 2012) ("contractual privity is the *sine qua non* of a § 1981 claim"); *E.E.O.C. v. K & J Mgmt.*, No. 99 C 8116, 2000 WL 34248366, at *8 (N.D. Ill. June 8, 2000) ("Because Plaintiff-Intervenors have not alleged any contractual relationship, they have failed to state a claim under § 1981.")

Here, Plaintiffs fail to allege the existence of any contractual relationship between Plaintiffs and Defendants. Therefore, they have failed to state a claim under § 1981, and their § 1981 claims against Crawford are dismissed without prejudice.

### **Conclusion**

For the reasons herein, the Court grants in part and denies in part Crawford's motion to dismiss [16]. Crawford's motion to dismiss Plaintiffs' § 1983 claims against him in his

individual capacity is denied.  Plaintiffs' § 1981 claims against Crawford are dismissed without prejudice.  Plaintiffs' § 1983 claims against Crawford in his official capacity are dismissed with prejudice.


**SO ORDERED**          **ENTER: 3/28/13**

_____
**JOHN Z. LEE**
**U.S. District Judge**